UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFIC ENERGY RESOURCES LTD., *et al.* | Case No. 09-10785 (KJC) |
| Debtors. | (Jointly Administered) |

Requested Hearing Date: April 15, 2009
Objection Deadline:

## MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EXTEND RESTRICTIONS ON CLAIMS AND EQUITY TRANSFERS TO INCLUDE DEBTORS' SECURED LENDERS [Dkt. No. 14, 132, 135]

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"),[1] by and through its undersigned counsel of record, pursuant to sections 362, 541 and 105 of the Bankruptcy Code hereby requests that the Court enter a modified order extending the restrictions on claims and equity transfers request in the *Debtors' Motion For Interim and Final Orders Establishing Procedures and Restrictions on Claims and Equity Transfers* [Dkt. No. 14] (the "Transfer Restriction Motion")[2] to all creditors, including the Debtors' Prepetition Secured Lenders and the lenders providing debtor in possession financing (collectively, the "Lenders")

The Debtors' Transfer Restriction Motion requests the Court to prohibit the holders of certain Qualified Claims[3] from transferring those Qualified Claims unless certain notice and

---

[1] The Debtors in these chapter 11 cases are: Pacific Energy Resources Ltd., Petrocal Acquisition Corp., Pacific Energy Alaska Holdings, LLC, Carneros Acquisition Corp., Pacific Energy Alaska Operating LLC, San Pedro Bay Pipeline Company, Carneros Energy, Inc., and Gotland Oil, Inc.

[2] Capitalized terms not otherwise defined herein will have the meanings ascribed to them in the Transfer Restriction Motion.

[3] Qualified Claim is a claim held by a Qualified Creditor. "'Qualified Creditors' are creditors that hold a claim that (a) has been owned by such creditor for eighteen or more months prior to the date of the filing of the bankruptcy petition or (b) arose in the ordinary course of the debtor's business and was at all times beneficially owned by such creditor (subject to a *de minimis* rule,. Treas. Reg. § 1.382-9(d)(3), for creditors that are not 5% shareholders or would not become 5% shareholders under a chapter 11 plan." Transfer Restrictions Motion at ¶ 12.

#10794356 v1

Debtor approval requirements are met. (the "Claims Transfer Restrictions"). The Debtors further seek to prohibit (1) any non-Substantial Equityholder from purchasing or acquiring Tax Ownership of an amount of Stock that would cause the Entity to become a Substantial EquityHolder, (2) any Substantial Equityholder from purchasing or acquiring Tax Ownership of any additional Stock, or (3) any Substantial Equityholder from selling or otherwise disposing of Tax Ownership of any Stock (the "Equity Transfer Restrictions" and collectively with the Claims Transfer Restrictions, the "Transfer Restrictions"). The Secured Lenders hold both claims and equity.

The Committee understands that these Transfer Restrictions are necessary to preserve approximately $97 million of NOLs. (The Committee has not yet been provided sufficient data to confirm the existence of the NOLs, but hopes to be able to confirm this before the hearing on this Motion. For purposes of this Motion, we assume that the NOLs exist.) Without the Transfer Restrictions, creditors might make transfers that would result in the Debtors losing the value of much of those NOLs. But the Debtors' largest creditors and claimholders -- the Prepetition Secured Lenders and the lenders providing debtor in possession financing (collectively, the "Secured Lenders") -- will be exempt from the Transfer Restrictions. The only reason given for this exclusion is that a restriction on the Secured Lenders is unnecessary because it is not in their best interest to make such a transfer.

This is illogical. If this were truly the reason for not restricting the Secured Lenders, the Secured Lenders would have no reason to object to such a restriction. Indeed, it is quite conceivable that the interests of the Secured Lenders might diverge from those of other creditors in this case. In that event, the Secured Lenders would have another tool to dominate these cases. The exclusion of the Secured Lenders is simply another attempt by such Secured Lenders to exercise control of these chapter 11 cases. The Committee has opposed entry of a Transfer Restrictions Motion without including the Secured Lenders.

At today's hearing on the Debtors' Transfer Restriction Motion, the Debtors suggested that the Transfer Restrictions could not be extended to the Secured Lenders because no motion

was pending seeking such relief. Accordingly, the Committee hereby formally moves for such relief, to be heard at the same time at the Debtor's Transfer Restrictions Motion.

## BACKGROUND

### I. The Debtors' Bankruptcy Cases

1. On March 10, 2009, two days after the petitions were filed in these procedurally consolidated cases, the Court held a hearing (the "Interim Hearing") regarding the Transfer Restrictions Motion. The Court granted the Transfer Restrictions Motion on an interim basis pending a final hearing.

2. On April 3, 2009, the Committee filed a Limited Objection to the Transfer Restrictions Motion[4] wherein the Committee did not object to the relief but requested that paragraph 3 of the proposed order, exempting the Secured Lenders, be stricken. On April 7, 2009, the U.S. Trustee filed an Objection to the Transfer Restrictions Motions, which among other things objected to the exclusion of the Secured Lenders.

3. On April 8, 2009, the Court extended the relief given at the interim hearing until April 15, 2009, when the Transfer Restrictions Motion was set for final hearing.

## REQUESTED RELIEF

4. The Committee requests that the Court enter a modified Final Order, in the same form as that proposed by the Debtors, except that: (a) it strike the paragraph which excludes the Secured Lenders as parties bound by the Transfer Restrictions; (b) add language clarifying that the Court's Order is subject to reconsideration upon an evidentiary showing that circumstances develop that would render the NOLs valueless.

---

[4] Limited Objection of the Official Committee of Unsecured Creditors to *Debtors' Motion For Interim and Final Orders Establishing Procedures and Restrictions on Claims and Equity Transfers* [Dkt. No. 132] (the "Limited Objection")

- 3 -

#10794356 v1

## ARGUMENT

5. As noted in the Limited Objection, the Committee does not object to the Debtors' proposal to restrict transfers of claims and interests to avoid the loss of $97 million in NOLs. The Committee believes the Transfer Restrictions should apply to all creditors, including Secured Lenders.[5] The legal basis for the Transfer Restrictions is set forth in the Debtors' Transfer Restrictions Motion and will not be repeated here.

6. The Secured Lenders hold pre-petition claims totaling in excess of $440 million. The Secured Lenders appear to hold well over 50% of the total claims in this case.[6] An additional $40-44 million is to be advanced under the DIP Facility.[7]

7. Although the Secured Lenders are by far the largest claim holders in these cases and could single handedly trigger the loss of the NOLs, the Debtors' Transfer Restrictions Motion specifically exclude them from the prohibition on transfers. The Debtors' motion fails to provide any basis or any evidence whatsoever regarding the reasons for excluding the Secured Lenders.

8. When the question of not prohibiting transfers by the Secured Lenders was brought up at the first day hearing, the Debtors' sole response for excluding the Secured Lenders was that making such a transfer would not be in their best interests and therefore they would not do so.[8] No additional justification was presented at the second day hearing. Rather, the Debtors suggested that extension of the Order to the Secured Lenders was inappropriate because there was no pending motion seeking such relief.

---

[5] The Committee reserves all rights to request that the Transfer Restrictions be lifted if it determines at some later point in time lifting the Transfer Restrictions is in the best interest of the unsecured creditors.

[6] *See* Affidavit of Gerald A. Tywoniuk, Chief Financial Officer of Pacific Energy Resources, Ltd., In Support of First Day Motions [Docket No. 2] at ¶¶ 18-20

[7] Id. at ¶ 101

[8] Transcript Hearing March 10, 2009, at p. 38 lines 4-9. ("If they, as the beneficiaries, assuming whatever debt remains on the company, whatever equity they take control of, they decide as the future owners, or debt holders that dominate the company, that they are going to lose the NOL, then so be it.").

9. To remove this procedural issue, the Committee hereby seeks such relief.

10. As this Court aptly observed during the first day hearings, the Secured Lenders are likely to dominate the restructuring discussions in this case.[9] The Secured Lenders exclusion from the Transfer Restrictions is yet another weapon they might use to exercise that control. There is simply no valid justification for granting the Secured Lenders an exclusion from the Transfer Restrictions.

11. If it is in the Secured Lenders best interest not to make such a transfer, they should have no objection to being bound by the Transfer Restrictions. If they determine that a transfer is in their best interest and not inconsistent with the interests of the estates, the Secured Lenders can petition the court to allow the transfer, a process explicitly provided for in the proposed order.

## CONCLUSION

For the reasons set forth above, the Committee respectfully requests that this Court enter a modified Final Order that imposes the Transfer Restrictions on the Secured Lenders thereby prohibiting the Secured Lenders from transferring any claims or equity on the same terms set forth in the Transfer Restrictions Motion, and granting such other relief as this Court deems just, equitable and appropriate.

Dated: April 8, 2009
Wilmington, DE

PEPPER HAMILTON LLP

/s/ James C. Carignan
David B. Stratton, Esq. (DE No. 960)
James C. Carignan, Esq. (DE No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Tel: (302) 777-6500
Fax: (302) 421-8390

and

---

[9] Transcript Hearing March 10, 2009, at pp. 38-39.

- 5 -

#10794356 v1

Francis J. Lawall, Esq.
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750

and

Filiberto Agusti, Esq. (DC Bar No. 270058)
(*admitted pro hac vice*)
Joshua R. Taylor, Esq. (VA Bar No. 45919)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 506-3902

and

Robbin L. Itkin, Esq. (CA Bar No. 117105)
(*admitted pro hac vice*)
Katherine C. Piper, Esq. (CA Bar No. 222828)
(*admitted pro hac vice*)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles CA 90067
Tel: (310) 734-3200
Fax: (310) 734-3300

*Proposed Counsel for the Official Committee of Unsecured Creditors of Pacific Energy Resources Ltd., et al.*