IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PACIFIC ENERGY RESOURCES LTD., et al.,[1] | ) | Case No. 09-10785 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related to Docket No. 545 |

**ORDER (I) APPROVING SALE OF THE DEBTORS'
ASSETS AT TRADING BAY, ALASKA FREE AND CLEAR
OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT
TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE,
(II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

THIS MATTER is before the Court on the motion (the "<u>Sale Motion</u>") of Pacific Energy Alaska Holding, LLC ("<u>PEAH</u>") and Pacific Energy Alaska Operating LLC ("<u>PEAO</u>," together with PERL and PEAH, the "<u>Sellers</u>") and the other above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order, pursuant to 11 U.S.C. §§ 105, 363(b) and 365 (the "<u>Bankruptcy Code</u>"), and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 6004-1 of the Local Rules of the Bankruptcy Court: (A) approving the Purchase and Sale Agreement (the "<u>Agreement</u>")[2] substantially in the form filed with the Court on August 12, 2009 (Docket No. 734), as amended by this Order and by the legal description attached hereto as **Exhibit 1**, by and between PEAH and PEAO, on the one hand, and Ocar Energy LLC (the "<u>Buyer</u>"), on the other hand, pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Carneros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); San Pedro Bay Pipeline Company (1234); Carneros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is 111 W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Agreement.

DOCS_DE:151852.4

which the Buyer has agreed to acquire the Alaska Interests (as defined in the Agreement), which generally include the Sellers' oil and gas interests and associated assets in an area called Trading Bay, Alaska; (B) granting the Sellers authority to sell the Alaska Interests free and clear of liens, claims, interests and encumbrances (except as otherwise provided in the Agreement and subject to the Assumed Liabilities ) (as defined in the Agreement) (the "Sale"); and (C) authorizing the Sellers to assume and assign the Contracts (as defined in the Agreement) and specifically including those executory contracts and unexpired leases listed on Exhibit B to the Agreement (for the avoidance of doubt, the Alaska Interests do not include or implicate any assets, rights or interests of Cook Inlet Region, Inc. or Salamatof Native Association, Inc.); and

The Sale Motion having been served upon (i) Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Debtors' secured lenders (the "Lenders"); (iv) parties known by the Debtors to assert liens, claims, rights, interests or encumbrances of record in or against the Alaska Interests; (v) federal, state and local taxing and regulatory authorities who have a reasonably known interest in the Alaska Interests; (vii) the United States Attorney for the District of Delaware; (vii) the Internal Revenue Service; (viii) the United States Department of Justice; (ix) the counterparties to the Contracts; and (x) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and notice of the Sale Motion having been served on all known creditors of the Debtors (collectively, the "Notice Parties"); and

Notice of the Sale Motion having been provided in accordance with this Court's *Order (A) Approving Procedures For Sale of the Debtors' Alaska Assets; (B) Scheduling*

*Auction and Hearing to Consider Approval of Sale; (C) Approving Notice of Respective Dates, Times, and Places for Auction and for Hearing on Approval of (i) Sale and (ii) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Approving Forms of Notice; and (E) Granting Related Relief* (the "<u>Sale Procedures Order</u>"); and

It further appearing that the legal and factual bases set forth in the Sale Motion and at the hearing thereon which took place on August 12, 2009 (the "<u>Sale Hearing</u>") establish just cause for the relief granted herein; and

As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the Sale Hearing, the Sale and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Contracts to the Buyer, has been provided in accordance with the Sale Procedures Order and sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Motion, Sale Hearing, the Sale, or the assumption and assignment of the Contracts to the Buyer is or shall be required;

A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein (including the assumption and assignment of the Contracts to the Buyer and any Cure Amounts (as defined in the Agreement) related thereto), has been afforded to all interested persons and entities, including the Notice Parties; and after deliberations thereon,

3

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Sale Motion solely as to the Alaska Interests is granted and approved as set forth in this Order and on the record of the Sale Hearing, which is incorporated herein as if set forth fully in this Order, and the Sale contemplated thereby is approved.

2. The Agreement and all other documents attached as exhibits to the Agreement (or substantially in the form thereof) are hereby approved in all respects, and shall be deemed in full force and effect, binding and benefiting the Sellers and the Buyer, *provided, however*, that the Buyer shall have until 5:00 p.m. Pacific time on August 31, 2009 (the "Financing Deadline"), to provide the Sellers with satisfactory evidence of financial ability as contemplated by section 6.8 of the Agreement. This Order shall be null and void if the Buyer does not provide such satisfactory evidence of financial ability by the Financing Deadline. Except as set forth herein, the Debtors shall not modify or amend the Agreement without the express written consent of the Lenders and two (2) business days' prior notice to Union.

3. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Sellers are authorized and empowered to execute and deliver to the Buyer the Agreement and the other agreements contemplated thereby, and to take any and all actions necessary or appropriate to implement and consummate all of the transactions and perform all obligations contemplated by the Agreement, including, without limitation, to sell the Alaska Interests to the Buyer and to assume and assign to the Buyer the Contracts, all on the terms of the Agreement. The Sellers are

4

authorized and empowered to deliver deeds, bills of sale, assignments and other such instruments and/or documentation that may be necessary or requested by the Buyer in accordance with the terms of the Agreement to evidence the transfers required or otherwise contemplated by the Agreement.

4. Upon the Closing (as defined in the Agreement), the Buyer shall take title to and possession of the Alaska Interests in accordance with and subject to the Agreement and Assumed Liabilities. Pursuant to Section 363(f) of the Bankruptcy Code and the Agreement, including any amendments thereto, with the exception of the Assumed Liabilities or as otherwise contemplated by the Agreement, the transfer of title to the Alaska Interests and the Contracts shall be free and clear of any interest and free of liens, claims, interests or encumbrances except for Permitted Encumbrances.

5. Except for the Assumed Liabilities or as otherwise provided for in this Order or the Agreement, the Buyer shall not have any liability or responsibility for any liability or other obligation of the Sellers arising under or related to the Alaska Interests, including, but not limited to, the Excluded Liabilities (as defined in the Agreement).

6. Subject to, and at the time of, the Closing, the Sellers are authorized to assume and assign each Contract to the Buyer free and clear of all liens, claims, interests or encumbrances, except as otherwise provided in the Agreement and subject to the Assumed Liabilities. The payment of cure amounts (as set forth in Schedule 4 to the Agreement) shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtor party resulting from such default, and (c) together with

the assumption of the Contracts by the Buyer, constitute adequate assurance of future performance thereof. The Buyer shall then have assumed the Contracts and, pursuant to section 365(f) and 365(k) of the Bankruptcy Code, the assignment by the Sellers of such Contracts shall not be a default thereunder.

7. Upon the Closing and the payment of the relevant cure amounts by the Buyer, the Buyer shall be deemed to be substituted for each relevant Seller as a party to the applicable Contracts and the Sellers shall be relieved from all liability on such Contracts.

8. This Order is and shall be effective as a determination that, on the Closing Date, all liens, claims, liabilities or other interest of any kind or nature whatsoever existing as to the Alaska Interests prior to the Closing Date, other than Permitted Encumbrances (as defined in the Agreement) and Assumed Liabilities, shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected. For the avoidance of doubt, nothing in this paragraph 9 shall discharge claims of Forest Oil Corporation or Marathon Oil Company as against the Debtors.

9. Each and every federal, state, and local governmental agency or department shall be, and hereby is, authorized to accept any all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Agreement, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer to the Buyer any and all licenses, permits or similar grants relating to the Alaska Interests.

DOCS_DE:151852.4

10. Neither the Sale nor this Order shall in any way limit, release, waive or otherwise prejudice the rights and claims of the Lenders against the Sellers or any other Debtors, including without limitation amounts borrowed directly by PEAO or PEAH, and the Lenders' claims shall continue to be secured against such entities notwithstanding the Sale of the Alaska Interests.

11. The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

12. This Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement.

13. To the extent that any provisions of this Order shall be inconsistent with the provisions in the Agreement or any related instrument or document, any prior order, or any pleading with respect to the motions in this case, the terms of this Order shall control. The confidentiality provisions related to the Debtors' sales procedures and sales process and placed of record in this Court on July 15, 2009 have expired and are of no further force or effect. All documents relating to obligations and rights of Sellers which pertain to the Alaska Interests acquired by the Buyer shall be retained and preserved by the Sellers, and in no case be destroyed by the Sellers, until further Order of this Court

14. Nothing in the Agreement or this Order shall affect the rights of the State of Alaska and its various agencies to evaluate, qualify and approve the Buyer under applicable Alaska rules, regulations or other state law to own or occupy the Alaska Interests, including any

requirement for the Buyer to post bonds or cash deposits for the benefit of the State of Alaska to secure its decommissioning obligations.

Dated: August 18, 2009

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge