IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PACIFIC ENERGY RESOURCES LTD., *et al.*,[1] ) | Case No. 09-10785(KJC) |
| ) | Jointly Administered |
| Debtors. ) | |
| | **Related to Docket No. 456** |

## ORDER GRANTING *ALTERNATIVE* MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING ABANDONMENT OF CERTAIN INTERESTS IN OIL AND GAS PROPERTIES IN ALASKA (EXCLUDING TRADING BAY) AND REJECTION OF EXECUTORY CONTRACTS RELATING THERETO

This matter came before the Court on the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order: (a) pursuant to section 554 of the Bankruptcy Code, authorizing the Debtors to abandon certain of their interests in oil and gas properties located in Alaska (outside an area commonly referred to as "Trading Bay") as set forth in **Exhibit A** hereto (the "Abandoned Assets"); and (b) pursuant to section 365 of the Bankruptcy Code, authorizing the Debtors to reject those executory contracts relating to the Abandoned Assets that are identified on **Exhibit A** hereto (together, the "Rejected Contracts"). The Motion was filed in the alternative and solely in the event that the Debtors were unable to effectuate a sale of any or all of the Abandoned Assets. The Debtors submit that

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Carneros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); San Pedro Bay Pipeline Company (1234); Carneros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is 111 W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion and the reply in support of, and supplement to, the Motion filed by the Debtors (Docket No. 796).

68773-002\DOCS_DE:152579.4

the Abandoned Assets are burdensome and of inconsequential value or benefit to the Debtors' estates given that no sale transaction involving such assets could be consummated. Having reviewed the Motion, the Court finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), (c) venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances, and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief sought therein, and it appearing that the relief requested is in the best interest of the Debtors, the estates, creditors, and other parties in interest; it is hereby:

ORDERED that the Motion is Granted as modified hereby and any objections to the Motion not addressed herein are overruled; and it is further

ORDERED that the Debtors are authorized to abandon and are deemed to have abandoned the Abandoned Assets pursuant to section 554 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to abandon and are deemed to have abandoned any interest in the Pledged Cash, as more specifically described on **Exhibit B** hereto, and any limitations on the use of the Pledged Cash that could be enforced by the Debtors or these estates are waived, *provided, however,* that such waiver shall not create any claims against the Debtors or these estates and the full amount of the Pledged Cash shall offset and reduce any claims that otherwise may be asserted against the Debtors or these estates;

ORDERED that the Debtors are authorized to reject and are deemed to have rejected the Rejected Contracts pursuant to section 365 of the Bankruptcy Code; and it is further

2

ORDERED that the Debtors shall comply with the Abandonment Protocol, *provided, however,* that the Debtors shall not be required to add stabilizing chemical agents into onshore crude oil pipelines given that the Debtors are leaving the pipelines filled with natural gas rather than oil; and it is further

ORDERED that the State of Alaska (the "State") is authorized, and granted relief from the automatic stay, to offset a prepetition credit owed to the Debtors by the State against $1,000,000 in postpetition claims owed to the State by the Debtors. Any and all rights of the State and the Debtors are reserved as to any remaining prepetition credit that may be owed to the Debtors by the State; and it is further

ORDERED that Cook Inlet Region, Inc. ("CIRI") and Salamatof Native Association ("Salamatof") are entitled to administrative claims through the date of this Order for postpetition access under certain leases, easements or rights of way provided to, or for the benefit of, the Debtors' estates for purposes of the Abandoned Assets, subject to reconciliation of the amounts owed; and it is further

ORDERED that CIRI is entitled to an administrative claim through the date of this order for royalties due CIRI under Oil and Gas Lease BLM-A-035017/West Foreland for gas use that benefited the estates, subject to reconciliation of the amounts owed; and it is further

ORDERED that the Debtors shall take all reasonable steps to add CIRI and Salamatof as named insureds on the Debtors' insurance policies with respect to the Abandoned Assets (and it being represented by the Debtors that both CIRI and Salamatof have been added as additional insureds as of the date of entry of this Order), recognizing however that it is the Debtors' intent to terminate such insurance policies along with the abandonment of the

Abandoned Assets approved hereby; it is further

ORDERED that nothing in this Order shall determine the party or parties who will gain title to the Abandoned Assets, or may be responsible for any obligations arising under or in connection with the Abandoned Assets, upon abandonment by Debtors' estates, *provided, however,* that title in the Abandoned Assets shall not vest in any of the DIP Lenders or Prepetition Secured Lenders;[3] and it is further

ORDERED that nothing in this Order shall determine the rights or interests of holders of overriding royalty interests in the Abandoned Assets, which shall be governed by applicable non-bankruptcy law; it is further

ORDERED that, except as expressly set forth herein, nothing in this Order shall affect any and all rights of the State or any other party in interest to assert a claim against the Debtors or their estates relating to the Abandoned Assets or the Rejected Contracts, and any and all rights of the Debtors or their estates to contest such claims are expressly preserved, *provided, however,* that any claims against the Debtors or their estates relating to the Abandoned Assets or the Rejected Contracts shall be filed no later than thirty (30) days following the date of entry of this Order to the extent not already filed; and it is further

ORDERED that this Order does not affect any rights that the Debtors may have in oil and gas leases or any other assets that relate to areas outside Alaska; and it is further

ORDERED that this Order does not affect any rights or claims of the estates or any other party in interest in any segregated or reserve accounts created by prior order of this

---

[3] Both terms as defined in that certain *Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, 365 And 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Authorizing Use Of Cash Collateral; (3) Granting Liens And Providing Superpriority Administrative Expense Status; (4) Granting Adequate Protection; And (5) Modifying Automatic Stay* [Docket No. 415].

4

68773-002\DOCS_DE:152579.4

Court; and is it further

ORDERED that this Order shall be effective immediately notwithstanding Bankruptcy Rule 6006(d) or any similar provision; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: September 10, 2009

The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE

68773-002\DOCS_DE:152579.4