IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACIFIC ENERGY RESOURCES LTD., *et al.*, [1] | ) | Case No. 09-10785(KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Related to Docket No. 291**

### ORDER AUTHORIZING ABANDONMENT OF INTERESTS IN THE SPURR PLATFORM LOCATED IN ALASKA AND REJECTION OF EXECUTORY CONTRACTS RELATING THERETO

This matter came before the Court on the motion (the "Motion")[2] of the above-

captioned debtors and debtors in possession (the "Debtors") for entry of an order: (a) pursuant to

section 554 of the Bankruptcy Code, authorizing the Debtors to abandon their interests in an

offshore oil and gas platform commonly designated the "Spurr Platform" located in Alaska as set

forth in **Exhibit A** hereto (the "Abandoned Assets"); and (b) pursuant to section 365 of the

Bankruptcy Code, authorizing the Debtors to reject the executory contracts relating to the

Abandoned Assets identified on **Exhibit A** hereto (together, the "Rejected Contracts"). The

Debtors submit that the Abandoned Assets are burdensome and of inconsequential value or

benefit to the Debtors' estates. Having reviewed the Motion, the Court finds that (a) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), (c) venue of these chapter 11 cases in

---

[1]    The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Carneros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); San Pedro Bay Pipeline Company (1234); Carneros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is 111 W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

[2]    Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

this District is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Motion was

sufficient under the circumstances, and the Court having determined that the legal and factual

bases set forth in the Motion establish cause for the relief sought therein, and it appearing that the

relief requested is in the best interest of the Debtors, the estates, creditors, and other parties in

interest; it is hereby:

ORDERED that the Motion is Granted as modified hereby and any objections to

the Motion not addressed herein are overruled; and it is further

ORDERED that this Order is effective *nunc pro tunc* to June 3, 2009; and it is

further

ORDERED that the Debtors are authorized to abandon and are deemed to have

abandoned the Abandoned Assets pursuant to section 554 of the Bankruptcy Code; and it is

further

ORDERED that the Debtors are authorized to reject and are deemed to have

rejected the Rejected Contracts pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall determine the party or parties who

will gain title to the Abandoned Assets, or may be responsible for any obligations arising under

or in connection with the Abandoned Assets, upon abandonment by the Debtors' estates,

provided, however, that title in the Abandoned Assets shall not vest in any of the DIP Lenders or

Prepetition Secured Lenders;[3] and it is further

---

[3]    Both terms as defined in that certain *Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, 365 And 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Authorizing Use Of Cash Collateral; (3) Granting Liens And Providing Superpriority Administrative Expense Status; (4) Granting Adequate Protection; And (5) Modifying Automatic Stay* [Docket No. 415].

2

ORDERED that nothing in this Order shall affect any and all rights of the State of

Alaska, Marathon Oil Company, or any other party in interest to assert a claim against the

Debtors or their estates relating to the Abandoned Assets or the Rejected Contracts, and any and

all rights of the Debtors or their estates to contest such claims are expressly preserved, provided

that any claims against the Debtors or their estates relating to the Abandoned Assets or the

Rejected Contracts shall be filed no later than thirty (30) days following the date of entry of this

Order to the extent not already filed; and it is further; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or relating to this Order.

Dated: October 6, 2009

The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE

3