IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| PACIFIC ENERGY RESOURCES LTD., *et al*, ) | |
| ) | Case No. 09-10785 (KJC) |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| ) | |

### UNION OIL COMPANY OF CALIFORNIA'S ADMINISTRATIVE CLAIM STATEMENT FOR ABANDONMENT AND ENVIRONMENTAL REMEDIATION COSTS

Union Oil Company of California ("**Union**"), hereby files this administrative claim statement setting forth its administrative claim against Pacific Energy Alaska Operating LLC ("**PEAO**"), and in support thereof respectfully states as follows:

### CLAIM DETAILS

1. This administrative claim against PEAO is based on PEAO's share of projected abandonment and remediation costs incurred in connection with the development and management of two oil fields in Cook Inlet, Alaska, known as the Trading Bay Unit ("**TBU**") and the Trading Bay Field ("**TBF**"). A schedule listing the contracts which set forth the relationship between the Debtor and the Claimant with regard to these expenses (the "**Contracts**") is attached as Exhibit A.

2. Union and PEAO are party to certain agreements to develop and operate the TBU and the TBF. Under these operating agreements, Union is currently the operator of the TBU and the TBF, and PEAO is a working interest owner. The operating agreements are that certain Trading Bay Field Joint Operating Agreement dated June 12, 1996 (the "**TBFJOA**"), which details each party's share of expenses related to the TBF, and that certain Unit Operating

500417656v3

Agreement – Trading Bay Unit (the "**TBUOA**", and together with the TBFJOA, the "**Operating Agreements**"), dated August 25, 1967, which details each party's share of expenses related to the TBU.

3. PEAO is Marathon Oil Company's, Forcenergy, Inc.'s, and Forest Oil Corporation's successor in interest in the Contracts. The sequence of assignments by which the Debtor became a party to the Contracts is set forth in the Affidavit of Kevin Tabler (Docket No. 101), attached as Exhibit B.

4. Prior to and after filing for bankruptcy protection, PEAO marketed its TBU and TBF assets. Unable to sell these assets, PEAO abandoned its interests in the TBU and the TBF and rejected the Contracts on September 1, 2009.

5. Among the obligations created by the Contracts, lessees, including PEAO, are responsible for delivering up the lands associated with the production and marketing of oil "in good order and condition" and "in condition satisfactory to Lessor" at the time such facilities are abandoned or surrendered. Separately, Alaska state law requires that "[a]ll wells that have been permitted . . . must be abandoned [in accordance with the procedures established at 20 AAC 25.105-.172] before expiration of the owner's rights in that property . . . ." 20 AAC 25.105(a). Additionally, Alaska state law imposes strict liability for the costs of environmental cleanup on entities that operate and develop oil leases within the state's borders. AS 46.03.822. Because PEAO has rejected its obligations under the Contracts and, as a consequence, elected to abandon its rights in the TBU and TBF during these Chapter 11 proceedings, Union has a claim against PEAO for PEAO's share of the costs associated with abandonment, decommissioning and subsequent remediation of platforms, wells, pipelines, and other facilities, property and structures associated with the production and marketing of oil from the TBU and TBF.

6. These costs are an actual, necessary expense of administering the estate and thus are entitled to administrative priority under 11 U.S.C. § 507(a)(2).

7. The amount of the claim described above was contingent on PEAO's decision to abandon the TBU and/or the TBF. Because that decision has been made, this claim is no longer contingent. However, as the abandonment costs have not yet been incurred, the claim is currently unliquidated. Union's current estimate is that PEAO's share of such costs will total at least $200,000,000. Union reserves its right to recover the actual amount of PEAO's 46.8% share of the total cost.

## **RESERVATION OF RIGHTS**

8. Union reserves its rights with respect to further losses, including costs and expenses incurred by Union in enforcing its rights to recover on its administrative claim.

9. Union reserves the right to amend and/or supplement this administrative claim at any time and in any manner and/or to file additional claims for any additional amounts due which may be based on the same or additional documents or grounds of liability.

10. Filing of this administrative claim does not constitute (a) a waiver or release of Union's rights, claims or defenses against any person, entity or property; (b) a waiver or release of Union's right to have any and all final orders in any and all non-core matters entered only after *de novo* review by a United States District Judge; (c) an election of remedies; (d) a waiver or release of any rights which Union may have to a jury trial; (e) a waiver of the right to move to withdraw the reference with respect to the subject matter of this administrative claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving Union, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case; or (f) a waiver of Union's rights to

make a request for payment of any additional administrative expense claim under the Bankruptcy Code.

Dated: March 5, 2010
       Wilmington, DE

Respectfully submitted,

By: /s/ Norman M. Monhait
Norman M. Monhait (ID No. 1040)
Rosenthal, Monhait & Goddess, P.A.
919 North Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Telephone: (302) 656-4433
Facsimile: (302) 658-7567
nmonhait@rmgglaw.com

and

Richard L. Epling
David A. Crichlow
Roger Elder
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Counsel to Union Oil Company of California*