# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PACIFIC ENERGY RESOURCES LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10785(KJC)<br>(Jointly Administered)<br><br>**Objections Deadline:**<br>**October 7, at 4:00 p.m.**<br>Hearing Date: Only If Objections Are Timely Filed |

## EIGHTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RUTAN & TUCKER LLP, AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM AUGUST 1, 2010 THROUGH AUGUST 31, 2010

| | |
|---|---|
| Name of Applicant: | Rutan & Tucker LLP |
| Authorized to Provide Professional Services to: | Special Counsel to Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to March 9, 2009 by order entered on or about May 1, 2009 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2010 through August 31, 2010[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $11,345.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $4.40 |

This is a:  x monthly   ___ interim   ___ final application.

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Cameros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); San Pedro Bay Pipeline Company (1234); Cameros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is 111 W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

[2] This application may include time expended before the time period indicated that has not been included in a prior application. The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not

The total time expended for fee application preparation is approximately 5 hours and the corresponding compensation requested is approximately $2,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 6/17/09 | March 9, 2009, to March 31, 2009 | $102,732.50 | $1,389.62 | $102,732.50 | $1,389.62 |
| 6/24/09 | April 1, 2009 to April 30, 2009 | $124,537.50 | $10,542.35 | $124,537.50 | $10,542.35 |
| 8/7/09 | May 1, 2009 to May 31, 2009 | $120,999.50 | $372.81 | $120,999.50 | $372.81 |
| 8/11/09 | June 1, 2009 to June 30, 2009 | $148,667.50 | $196.50 | $118,934.00 | $196.50 |
| 8/17/09 | July 1, 2009 to July 31, 2009 | $327,090.00 | $486.93 | $261,672.00 | $486.93 |
| 9/30/09 | Aug. 1, 2009 to Aug. 31, 2009 | $144,951.00 | $363.61 | $116,324.41 | $363.61 |
| 10/20/09 | Sept. 1, 2009 to Sept. 30, 2009 | $90,318.50 | $112.33 | $72,254.80 | $112.33 |
| 11/24/09 | Oct.1, 2009 to Oct. 31, 2009 | $67,767.50 | $772.08 | $54,214.00 | $772.08 |
| 12/9/09 | Nov. 1, 2009 to Nov. 30, 2009 | $92,511.00 | $67.25 | $74,008.80 | $67.25 |
| 1/20/10 | Dec. 1, 2009 to Dec. 31, 2009 | $201,727.00 | $1,481.92 | $161,381.60 | $1,481.92 |
| 2/26/10 | Jan. 1, 2010 to Jan. 31, 2010 | $40,245.50 | $631.09 | $32,196.40 | $631.09 |
| 4/1/10 | Feb. 1, 2010 to Feb. 28, 2010 | $39,018.00 | $67.32 | $31,214.40 | $67.32 |
| 4/26/10 | March 1, 2010 to March 31, 2010 | $18,383.00 | $99.55 | $14,706.40 | $99.55 |
| 5/26/10 | April 1, 2010 to April 30, 2010 | $10,060.00 | ($0.10) | $8,048.00 | ($0.10) |
| 7/8/10 | May 1, 2010 to May 31, 2010 | $3,110.00 | (0) | $2,488.00 | $0 |
| 8/4/10 | June 1, 2010 to June 30, 2010 | $1,780.00 | $36.51 | $1,424.00 | $36.51 |
| 9/14/10 | July 1, 2010 to July 31, 2010 | $11,345.50 | $4.40 | pending | pending |

---

included herein.

## RUTAN PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Are of Expertise | Hourly, Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Penelope Parmes | Partner since 1998; Member of CA State Bar since1982; Chair of Rutan's Financial Practice Group; Member of Rutan's Trial Department | $650.00 | 1.6 | $1,040.00 |
| Duke Wahlquist | Partner since 1992; Member of CA State Bar since 1982; Member of Trial Law Group | $550.00 (discounted rate for this month only at $310.07) | 0.3 | $93.02 |
| Gregg Amber | Partner since 1998; Member of CA Bar since 1981; Member of Corporate Law Group | $550.00 | 4.5 | $2,475.00 |
| Steve Goon | Partner since 2002; Member of CA State Bar since 1994; Member of Trial Law Group | $430.00 | 0.6 | $258.00 |
| Matthew Grimshaw | Associate since 2002; Member of CA Bar since 2000; Member of Financial Practice Group | $400.00 | 5.1 | $2,040.00 |
| Brendt Butler | Associate since 2009; Member of CA State Bar since 2000; Member of Financial Practices Group | $400.00 (discounted rate for this month only at $225.50) | 4.0 | $901.98 |
| Garrett Sleichter | Associate since 2004; Member of CA State Bar since 2004; Member of Corporate Law Group | $375.00 | 12.1 | $4,537.50 |

**Grand Total:** $11,345.50
**Total Hours:** 28.20
**Blended Rate:** $402.32

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 18.8 | $8,310.50 |
| Fee Application | 5.1 | $2,040.00 |
| Business Insurance | 4.3 | $995.00 |
| Total | 28.2 | $11,345.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] | Total Expense |
|---|---|---|
| Direct Long Distance | | $4.40 |
| TOTAL | | $4.40 |

Dated: September 15, 2010

RUTAN & TUCKER, LLP

_____
Eric J. Fromme (State Bar No. 193517)
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
Email : efromme@rutan.com

Special Corporate and Litigation Counsel for the Debtors and Debtors in possession

---

[3] Rutan may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re | Chapter 11 |
|---|---|
| | Case No. 09-10785(KJC)<br>(Jointly Administered) |
| PACIFIC ENERGY RESOURCES LTD., et al.,[1] | |
| Debtors. | **Objections Deadline:**<br>**October 7, 2010, at 4:00 p.m.** |
| | Hearing Date: Only If Objections Are Timely Filed |

## EIGHTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RUTAN & TUCKER LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JULY 1, 2010 THROUGH JULY 31 , 2010

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Administrative Order Under 11 U.S.C. §§ 105(A) and 331 Establishing Procedures for Interim Compensation and Expense Reimbursement of Professionals and Committee Members," entered on or about April 8, 2009 (the "Administrative Order"), Rutan & Tucker LLP ("Rutan" or the "Firm"), special counsel to the Debtors and Debtors in Possession ("Debtors"), hereby submits its Seventeenth Monthly Application for Compensation and for Reimbursement

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Cameros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); San Pedro Bay Pipeline Company (1234); Cameros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is III W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

of Expenses for the Period from August 1, 2010 through August 31, 2010 (the "Application").

By this Application Rutan seeks a monthly interim allowance of compensation in the amount of $11,349.90, consisting of $11,345.50 in fees, $4.40 in costs and payment of $9,076.40 (80% of the allowed fees), $4.40 (100% of costs) for the period August 1, 2010 through August 31, 2010 (the "Interim Period"). In support of this Application, Rutan respectfully represents as follows:

## Background

1. On March 9, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their properties and continues to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Committee of Unsecured Creditors ("Committee") was appointed on or about March 19, 2009. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 8, 2009, the Court entered the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred

percent (100%) of the requested expenses. Beginning with the period ending May 31, 2009, at three-month intervals, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of Rutan, as special corporate and litigation counsel to the Debtors, was approved effective as of the Petition Date by this Court's "Order Granting Debtors' Application Pursuant to Sections 105(A), 327, 328, and 330 of the Bankruptcy Code Authorizing Debtors to Retain, Employ and Compensate Rutan & Tucker, LLP as Special Corporation and Litigation Counsel," entered on or about May 1, 2009 (the "Retention Order"). The Retention Order authorized Rutan to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### RUTAN'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which Rutan requests compensation were performed for or on behalf of the Debtors.

6. Rutan has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Rutan and any other person other than the partners of Rutan for the sharing of compensation to be received for services rendered in this case.

7. Prior to the Petition Date, the Debtors provided Rutan with a retainer to secure payment of the fees owed to it by the Debtors and the expenses incurred by Rutan

on the Debtors' behalf. Rutan received payments from the Debtors during the year prior to the Petition Date in the amount of $2,437,169.16. After the Petition Date, Rutan obtained the Court's permission to draw on its pre-petition retainer to pay certain amounts owing to it as of the Petition Date. The balance of the prepetition retainer was credited to the Debtors and is being utilized as Rutan's retainer against post-petition fees and expenses pursuant to the compensation procedures approved by this Court and the Bankruptcy Code.

8. This is Rutan's eighteenth monthly fee application. In its first monthly fee application (for the period of March 9, 2009, to March 31, 2009), Rutan sought approval of $102,732.50 in fees and $1,389.62 in expenses. In December 2009, the Court approved Rutan's fees when it approved Rutan's first quarterly fee application. In its second monthly fee application (for the period of April 1, 2009, to April 30, 2009), Rutan sought approval of $124,537.50 in fees and $10,542.35 in expenses. In December 2009, the Court approved Rutan's fees when it approved Rutan's first quarterly fee application. Under its third fee application (for the period May 1, 2009, to May 31, 2009), Rutan sought approval of $120,999.50 in fees and $372.81 in expenses. In December 2009, the Court approved Rutan's fees when it approved Rutan's first quarterly fee application. Under its fourth fee application (for June 1, 2009, to June 30, 2009), Rutan sought approval of $148,667.50 in fees and $196.50 in expenses. In March 2010, the Court approved Rutan's fees when it approved Rutan's second quarterly fee application. Under its fifth fee application (for the period July1, 2009, to July 31, 2009), Rutan sought approval of $327,090.00 in fees and $486.93 in expenses. In March 2010, the Court approved Rutan's fees when it approved Rutan's second quarterly fee application. Under

its sixth fee application (for August 1, 2009, to August 31, 2009) Rutan sought approval of $144,951.00 in fees and $363.61 in expenses. In March 2010, the Court approved Rutan's fees when it approved Rutan's second quarterly fee application. Under its seventh fee application (for the period September 1, 2009 to September 1, 2009, to September 30, 2009), Rutan sought approval of $90,318.50 in fees and $112.33 in expenses. Under the Administrative Order, Rutan received approval of $72,254.80 in fees and $112.33 in expenses. Under its eighth fee application (for the period October 1, 2009 to October 31, 2009), Rutan sought approval of $67,767.50 in fees and $772.08 in expenses. Under the Administrative Order, Rutan received $54,214.00 in fees and $772.08 in expenses. Under its ninth fee application (for the period November 1, 2009 to November 30, 2009), Rutan sought approval of $92,511.00 in fees and $67.25 in expenses. Under the Administrative Order, Rutan received $74,008.80 in fees and $67.25 in expenses. Under its tenth fee application (for the period December 1, 2009 to December 31, 2009), Rutan sought approval of $201,727.00 in fees and $1,481.92 in expenses. Under the Administrative Order, Rutan received $161,381.60 in fees and $1,481.92 in expenses. Under its eleventh fee application (for the period January 1, 2010 to January 31, 2010), Rutan sought approval of $40,245.50 in fees and $631.09 in expenses. Under the Administrative Order, Rutan received $32,196.40 in fees and $631.09 in expenses. Under its twelfth fee application (for the period February 1, 2010 to February 28, 2010), Rutan sought approval of $39,018.00 in fees and $67.32 in expenses. Under the Administrative Order, Rutan received $31,214.40 in fees and $67.32 in expenses. Under its thirteenth fee application (for the period March 1, 2010 to March 31, 2010), Rutan sought approval of $18,383.00 in fees and $99.52 in expenses. Under the

Administrative Order, Rutan received $14,706.40 in fees and $99.55 in expenses. Under its fourteenth fee application (for the period April 1, 2010 to April 30 2010), Rutan sought approval of $10,060.00 in fees and ($.10) in expenses. Under the Administrative Order, Rutan received $8,048.00 in fees and $(0.10) in expenses. Under its fifteenth fee application (May 1, 2010 to May 31, 2010), Rutan sought approval of $3,110.00 in fees. Rutan received $2,488.00 in fees and $(0.00) in expenses. Under its sixteenth fee application June 1, 2010 to June 30, 2010), Rutan sought approval of $1,780.00 in fees and $36.51 in expenses. On August 31, 2010, a certification of no objection regarding Rutan's sixteenth fee application was filed. Under its seventeenth fee application (for the period July 1, 2010 to July 31, 2010), Rutan sought approval of $6,527.50 in fees and $10.00 in costs. Rutan's seventeenth fee application was filed on September 15, 2010.

9. Rutan's billing statements for August, 2010 are attached hereto as <u>Exhibit A</u>. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of Rutan's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and the Administrative Order. Rutan's time reports are either (a) initially handwritten by the attorney or paralegal performing the described services and then entered into Rutan's computerized billing program by an administrative assistant or (b) entered directly into Rutan's computerized billing program by the attorney or paralegal performing the described services. The time reports are then organized on a daily basis. Rutan is sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. Rutan's charges for its

professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses

10. A summary of actual and necessary expenses incurred by Rutan for the Interim Period is attached hereto as part of Exhibit A.

11. Rutan charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. Rutan's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. Rutan summarizes each client's photocopying charges on a daily basis.

12. Rutan charges $1.00 for the first page and $0.50 for each additional page of out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects Rutan's calculation of the actual costs incurred by Rutan for the machines, supplies, and extra labor expenses associated with sending facsimile transmissions and is reasonable in relation to the amount charged by outside vendors who provide similar services. Rutan does not charge the Debtors for the receipt of faxes in this case.

13. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), Rutan charges the standard usage rates these providers charge for computerized legal research. Rutan bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by Rutan is passed on to the client.

14. Rutan believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Rutan believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

15. The names of the partners and associates of Rutan who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of Rutan who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

16. Rutan, by and through such persons, as special corporate and litigation counsel, has advised the Debtors on a regular basis with respect to various corporate and litigation matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. Rutan's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

17. The services rendered by Rutan during the Interim Period can be grouped into the categories set forth below. Rutan attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the

attached Exhibit A, which identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A. General Case Administration

18. During the Interim Period, the Firm, among other things, (1) reviewed and analyzed proposals for the transfer of claims; (2) reviewed and analyzed purchase agreements; and (3) communicated with and advised the debtor on issues relating to post-confirmation corporate governance.

Fees: $8,310.50; Hours: 18.8

### B. Fee Application

19. During the Interim Period, the Firm drafted its Fourth Interim Fee Application and communicated with the estate's fee auditor.

Fees: $2,040.00; Hours: 5.1

### C. Business Interruption Insurance

20. During the Interim Period, the Firm drafted a letter to the debtors' insurer regarding insurance issues and communicated with Debtors and others regarding business interruption insurance claims.

Fees: $995.00 Hours: 4.3

### Valuation of Services

21. Attorneys and paraprofessionals of Rutan expended 28.2 hours in connection with their representation of the Debtors during the Interim Period, as follows:

## RUTAN PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Are of Expertise | Hourly, Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Penelope Parmes | Partner since 1998; Member of CA State Bar since 1982; Chair of Rutan's Financial Practice Group; Member of Rutan's Trial Department | $650.00 | 1.6 | $1,040.00 |
| Duke Wahlquist | Partner since 1992; Member of CA State Bar since 1982; Member of Trial Law Group | $550.00 (discounted rate for this month only at $310.07) | 0.3 | $93.02 |
| Gregg Amber | Partner since 1998; Member of CA Bar since 1981; Member of Corporate Law Group | $550.00 | 4.5 | $2,475.00 |
| Steve Goon | Partner since 2002; Member of CA State Bar since 1994; Member of Trial Law Group | $430.00 | 0.6 | $258.00 |
| Matthew Grimshaw | Associate since 2002; Member of CA Bar since 2000; Member of Financial Practice Group | $400.00 | 5.1 | $2,040.00 |
| Brendt Butler | Associate since 2009; Member of CA State Bar since 2000; Member of Financial Practices Group | $400.00 (discounted rate for this month only at $225.50) | 4.0 | $901.98 |
| Garrett Sleichter | Associate since 2004; Member of CA State Bar since 2004; Member of Corporate Law Group | $375.00 | 12.1 | $4,537.50 |

        **Grand Total:** $11,345.50
        **Total Hours:** 28.2
        **Blended Rate:** $402.32

22. The nature of the work performed by these persons is fully set forth in Exhibit A. The rates charged by Rutan's professionals and paraprofessionals are typical for the nature of the work, and the reasonable value of the services rendered by Rutan to the Debtors during the Interim Period is $11,345.50.

23. Under §330 of the Bankruptcy Code, Rutan respectfully submits that the amount requested by Rutan is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Further, Rutan has reviewed Local Rule 2016-2 and the Administrative Order and believes that this Application complies with requirements of that Rule and Order.

WHEREFORE, Rutan respectfully requests that, for the period from August 1, 2010, to August 31, 2010, it be awarded on an interim basis $11,349.90, consisting of fees in the amount of $11,345.50, costs in the amount of $4.40 and that it be authorized to receive a payment from the Debtor of $9,080.80, consisting of 80% of the allowed fees and 100% of the allowed costs. Rutan also requests such other and further relief as the Court deems just and proper.

Dated: September 15, 2010
RUTAN & TUCKER, LLP

**/s/ Eric J. Fromme**
Eric J. Fromme (State Bar No. 193517)
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
Email: efromme@rutan.com
Special Corporate and Litigation Counsel for the
Debtors and Debtor in Possession

## VERIFICATION

State of California    )
                       )
County of Orange       )

Eric J. Fromme, after being duly sworn according to law, deposes and says:

a) I am an attorney with the law firm of Rutan & Tucker, LLP ("Rutan"), and have been admitted to practice law before all of the court of the State of California.

b) I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of Rutan.

c) I have reviewed the foregoing Eighteenth Monthly Application for Compensation and for Reimbursement of Expenses of Rutan & Tucker, LLP Special Counsel to the Debtors and Debtors in Possession for the Period from August 1, 2010, through August 31, 2010 (the "Application"). To the best of my knowledge, information, and belief, the facts set forth therein are true and correct.

d) I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order entered on or about April 8, 2009 [Docket #147], and submit that the Application substantially complies such Rule and Order.

Dated: September 15, 2010

Eric J. Fromme

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA)

COUNTY OF ORANGE)

On this 15th day of September, 2010, before me, __GWYNNE CHEUNG__, Notary Public
(here insert name and title of the officer)
personally appeared Eric J. Fromme and proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity(ies) upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

[seal]
GWYNNE CHEUNG
Commission # 1847170
Notary Public - California
Orange County
My Comm. Expires May 1, 2013

---

**--OPTIONAL SECTION--**
**CAPACITY CLAIMED BY SIGNER**

Though statute does not require the Notary to fill in the data below, doing so may prove invaluable to persons relying on the document.

- [X] INDIVIDUAL
- [ ] CORPORATE OFFICER(S)

_____

_____
TITLE(S)

- [ ] PARTNER(S)
  - [ ] LIMITED
  - [ ] GENERAL
- [ ] ATTORNEY-IN-FACT
- [ ] TRUSTEE(S)
- [ ] GUARDIAN/CONSERVATOR
- [ ] OTHER:

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)

_____

_____

---

**OPTIONAL SECTION**

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT: _____

Though the data requested here is not required by law, it could prevent fraudulent reattachment of this form.

TITLE OR TYPE OF DOCUMENT:

Eighteenth Monthly Application for Compensation and Reimbursement of Expenses

NUMBER OF PAGES: _____

DATE OF DOCUMENT: _____