# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PACIFIC ENERGY RESOURCES LTD., et al.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 09-10785 (KJC)<br>(Jointly Administered)<br><br>Related to Docket No. 1549 |

## STIPULATION RESOLVING CLAIMS OF THE
## STATE OF ALASKA AGAINST THE DEBTORS

This Stipulation is entered into by and between (a) the State of Alaska, on behalf of its various agencies ("Alaska" or the "Claimant") and (b) the above-captioned debtors and debtors-in-possession (the "Debtors"), for the purpose of settling all alleged administrative and other claims of the Claimant against the Debtors, as set forth below.

**WHEREAS**, Pacific Energy Alaska Operating LLC ("PEAO") leased and owned certain oil and gas properties in Alaska described as follows:

(a) interests in an offshore oil and gas platform commonly designated the "Spurr Platform," as more specifically described in Exhibit A to the *Motion of the Debtors for an Order Authorizing Abandonment of Interests in the Spurr Platform Located in Alaska and Rejection of Executory Contracts Relating Thereto* (Docket No. 291) filed in the Debtors' chapter 11 cases on May 11, 2009 (the "Spurr Platform Interests");

(b) interests in oil and gas properties commonly referred to as "Trading Bay" as more specifically described in Exhibit A to the *Alternative Motion of Pacific Energy Alaska Operating LLC for an Order Authorizing Abandonment of Interests in Oil and Gas Properties at Trading Bay, Alaska and Rejection of Executory Contracts Relating Thereto* (Docket No. 455) filed in the Debtors' chapter 11 cases on June 16, 2009 (the "Trading Bay Interests"); and

(c) interests in oil and gas properties (outside of an area commonly referred to as "Trading Bay") as more specifically described in Exhibit A to the

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Carneros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); Carneros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is 111 W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

ny-939314
DOCS_SF:74039.2

*Alternative Motion of the Debtors for an Order Authorizing Abandonment of Certain Interests in Oil and Gas Properties in Alaska (Excluding Trading Bay) and Rejection of Executory Contracts Relating Thereto* (Docket No. 456) filed in the Debtors' chapter 11 cases on June 16, 2009 (the "Non-Trading Bay Interests").

**WHEREAS,** PEAO entered into numerous oil and gas leases and easement agreements with Alaska (collectively, the "Leases") setting forth the terms and obligations of PEAO's oil and gas interests.

**WHEREAS,** PEAO was obligated to pay rent, royalties and taxes to Alaska, as well as to perform certain plugging, abandonment, decommissioning, and other obligations, as set forth in the applicable Leases and applicable state statutes and regulations.

**WHEREAS,** the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order Authorizing Abandonment of Interests in the Spurr Platform Located in Alaska and Rejection of Executory Contracts Relating Thereto* (Docket No. 973) on October 16, 2009, approving the abandonment by the Debtors of the Spurr Platform Interests.

**WHEREAS,** the Bankruptcy Court entered the *Order Granting Alternative Motion of Pacific Energy Alaska Operating LLC for an Order Authorizing Abandonment of Interests in Oil and Gas Properties at Trading Bay, Alaska and Rejection of Executory Contracts Relating Thereto* (Docket No. 832) on September 2, 2009, approving the abandonment of the Trading Bay Interests.

**WHEREAS,** the Bankruptcy Court entered the *Order Granting Alternative Motion of the Debtors for an Order Authorizing Abandonment of Certain Interests in Oil and Gas Properties in Alaska (Excluding Trading Bay) and Rejection of Executory Contracts Relating Thereto* (Docket No. 876) on September 11, 2009 (the "Non-Trading Bay

Abandonment Order"), approving the abandonment of the Non-Trading Bay Interests.

**WHEREAS**, the Debtors filed the *Debtors' Motion for an Order: (a) Vacating this Court's Abandonment Order in Part for Certain Alaska Assets and (b) Authorizing the Debtors to Sell Such Assets to Cook Inlet Energy, LLC* (Docket No. 998) on October 14, 2009 (the "Non-Trading Bay Sale Motion"), seeking an order of the Bankruptcy Court vacating the Non-Trading Bay Abandonment Order to the extent it applied to assets that Cook Inlet Energy, LLC ("CIE") wanted to purchase, as defined in the Non-Trading Bay Sale Motion (the "Sold Assets"), and to approve the sale of the Sold Assets to CIE.

**WHEREAS,** on November 25, 2009, the Bankruptcy Court entered the *Conditional Order (a) Vacating This Court's Abandonment Order In Part for Certain Alaska Assets and (b) Authorizing the Debtors to Sell Certain Alaska Assets* (Docket No. 1157) (the "Non-Trading Bay Sale Order") and on December 14, 2009, the Debtors filed the *Notice of Effective Date of Conditional Order (a) Vacating this Court's Abandonment Order in Part for Certain Alaska Assets and (b) Authorizing the Debtors to Sell Certain Alaska Assets and Closing on Sale Agreement* (Docket No. 1211).

**WHEREAS**, under the Non-Trading Bay Sale Order, CIE assumed certain liabilities related to the Sold Assets, including the plugging, abandonment, and decommissioning obligations, and the Debtors' estates were released from such liabilities.

**WHEREAS**, Alaska filed six claims in these chapter 11 cases as follows:

(a)   Claim No. 7 in the amount of $7,380.79 against Pacific Energy Resources, Ltd. ("PERL");

(b)   Claim No. 447 in the amount of $5,400,000.00 plus an unliquidated amount of not less than $40,000,000.00 against PERL;

(c) Claim No. 448 in unliquidated amounts of not less than $4,000,000.00 against Pacific Energy Alaska Holdings, LLC;

(d) Claim No. 449 in unliquidated amounts of not less than $40,000,000.00 against PEAO;

(e) Claim No. 465 in the amount of $5,707,809.40, plus unliquidated amounts of no less than $40,000,000.00 against PERL; and

(f) Claim No. 503 in the amount of $0.00 against PERL.

**WHEREAS**, the Bankruptcy Court deemed Claim No. 7 satisfied under the *Order Granting Debtors' Motion for Order Deeming Certain Claims to Have Been Satisfied* (Docket No. 1434) entered on March 24, 2010.

**WHEREAS**, the Bankruptcy Court disallowed Claim No. 447, which was amended by Claim No. 465, as an amended claim under the *Order Approving Reorganized Debtors' Second Omnibus Objection (Non-Substantive to Certain (a) Duplicate Claims; (b) Claims That Have Been Amended and Superseded; (c) Claims That Were Filed Against the Wrong Debtor; and (d) Claims for Which There Is Insufficient Documentation* (Docket No. 1454) entered on March 29, 2010.

**WHEREAS**, Claim Nos. 448, 449 and 465 are subject to the *Debtors' Third Motion for Order Deeming Certain Claims to Have Been Satisfied* (the "Third Motion regarding Paid Claims") (Docket No. 1549) filed on April 27, 2010.

**WHEREAS**, no objection yet has been formally raised to Claim No. 503.

**WHEREAS**, although Alaska has not filed a formal objection to the Third Motion regarding Paid Claims, it raised informal objections to that motion with the Debtors.

**WHEREAS**, the Debtors assert that PEAO has credits due from Alaska in the amount of $2,869,468.16 for over-payment of royalty due to a change in royalty rate related to

the Trading Bay Interests (the "Royalty Credit") and in the amount of $5,666,807.00 related to production tax credits (the "Tax Credits," and together with the Royalty Credit, the "Credits"). The Debtors have filed an application for the production Tax Credits, and Alaska is reviewing that Application.

**WHEREAS**, Alaska has applied the Royalty Credit to PEAO's plugging, abandonment, decommissioning and other obligations under the Leases, state statutes and regulations under the doctrine of recoupment.

**WHEREAS**, the parties entered into negotiations in an attempt to resolve all claims asserted by Alaska against the Debtors and have reached agreement related to all these claims.

**WHEREFORE**, the parties stipulate and agree as follows:

1. Claim No. 448 is disallowed.

2. Claim No. 449 is allowed as a general unsecured claim against PEAO in the amount of $40,000,000.00 solely on account of PEAO's share of plugging, abandonment, and decommissioning obligations relating to the Spurr Platform Interests and the Trading Bay Interests. The agreement to reduce the amount of Alaska's claim is the result of a compromise and settlement, as Alaska believes that PEAO's share of plugging, abandonment and decommissioning obligations relating to the Spurr Platform Interests and the Trading Bay Interests is significantly greater than $40,000,000.00.

3. This settlement of Claim No. 449 is without prejudice to any claims that Alaska may have against any third parties, including predecessors-in-interest, as a result of the agreement to reduce its claims, relating to the Spurr Platform Interests and Trading Bay Interests.

4. Claim No. 465 is disallowed.

5. Claim No. 503 is disallowed.

6. Alaska is allowed an administrative claim against PEAO in the amount of $301,140.35 for post-petition 2009 property taxes, including penalties and interest, which administrative claim PEAO has fully paid and satisfied.

7. Alaska is allowed a priority tax claim against PEAO in the amount of $68,561.57 for pre-petition 2009 property taxes, including penalties and interest through October 1, 2010, which claim PEAO shall pay within fourteen (14) days following approval of this Stipulation by the Bankruptcy Court.

8. Alaska is allowed an administrative claim against PEAO in the amount of $2,046.60 for the use of easements on the King Salmon platform pipelines during the period March 9, 2009 through September 2, 2009, which administrative claim PEAO shall pay within fourteen (14) days following approval of this Stipulation by the Bankruptcy Court.

9. The Royalty Credit is deemed validly applied by Alaska.

10. The Debtors, on behalf of their estates, hereby release all of their rights to the Credits and will not pursue recovery of the Credits.

11. Alaska will not assert or be allowed any claims against any of the Debtors' estates other than as specifically set forth above in this Stipulation.

12. Effective upon the entry of a final, non-appealable order approving this Stipulation, the Debtors, for themselves and each and all of their respective estates, successors and assigns, and anyone claiming by, through or under them, hereby release Alaska and each and all of its successors, assigns, present and former representatives and agents (collectively referred to herein as the "Alaska Releasees") of and from any and all claims, demands, debts, payments, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions, and causes of action, of every kind and nature whatsoever, including claims under Chapter 5 of the Bankruptcy Code, whether known or unknown, matured or unmatured, absolute or contingent that exist as of the date this release becomes effective (collectively, "Claims"), that the Debtors, or any of them, may now have, own, or at any time heretofore have ever had, owned, or held against the Alaska Releasees, or any of them. For the avoidance of doubt, nothing in this Section 12 is deemed to release, discharge or otherwise affect any Claims the Debtors may have against the Alaska Releasees under the terms and provisions of this Stipulation. Further, nothing herein is deemed to release or discharge any claims of any nature of the Debtors against any third parties.

13. Effective upon the entry of a final, non-appealable order approving this Stipulation, Alaska, for itself, its agencies, and each and all of its respective successors, assigns, and anyone claiming by, through or under it, hereby releases the Debtors' estates and each and all of the Debtors' respective successors, assigns, present and former representatives and agents (collectively referred to herein as the "Debtor Releasees"), of and from any and all Claims that Alaska may now have, own, or at any time heretofore have ever had, owned, or held against the Debtor Releasees, except for the claims allowed in Sections 2, 6, 7, and 8 above. For the

avoidance of doubt, nothing in this Section 13 is deemed to release, discharge or otherwise affect any Claims that Alaska may have against any of the Debtor Releasees under the terms and provisions of this Stipulation. Further, nothing herein is deemed to release or discharge any claims of any nature of Alaska against any third parties, including the Debtors' predecessors-in-interest.

14. Nothing in this Stipulation affects the right of the Debtors or any of them to object to any claim related to the Spurr Interests, the Trading Bay Interests, the Non-Trading Bay Interests or any other claim asserted by any other party.

15. Alaska's claims or rights against any non-Debtor third parties, including any predecessors-in-interest to any of the Debtors in any properties located in Alaska, are not affected in any way by this Stipulation or any order approving this Stipulation.

16. This Stipulation is in settlement of disputed claims. Nothing herein is deemed to be an admission or can be used as evidence against the Claimant or the Debtors in any other proceeding. The parties have negotiated the terms of this Stipulation, which must not be construed against any party hereto. Each party has (1) carefully read and understands the scope and effect of each provision, and (2) consented to and executed this Stipulation freely and without fraud, coercion, duress or undue influence. Each party shall bear its own costs and expenses, including attorney's fees, in connection with the negotiation, preparation and performance of this Stipulation.

17. This Stipulation will not be affected by the Debtors' chapter 11 plan or the confirmation order approving the Debtors' chapter 11 plan.

18.  This Stipulation inures to the benefit of, and binds, the successors and assigns of the parties, and each of them. No amendment of any provision of this Stipulation will be effective unless it is in writing and signed by the parties, and no waiver of any provision of this Stipulation, and no consent to any variation thereof, will be effective unless it is in writing and signed by the party against whom the waiver is asserted, and then the waiver or consent will be effective only in the specific instance and for the specific purpose for which given.

19.  This Stipulation sets forth the entire agreement and understanding between the parties relating to the matters covered herein and supersedes all other prior agreements, discussions and documents, if any, related to the subject matter hereof. No party is bound by any terms, conditions, definitions, understandings or representations with respect to the subject matter hereof, other than as expressly provided for herein, except as may hereafter be agreed to in a writing signed by the applicable parties. The recitals are incorporated into and made part of this Stipulation. This Stipulation may be signed in counterpart originals, which, when fully executed, constitutes a single original. Any signature delivered by a party by facsimile transmission or by electronic means will be deemed an original signature hereto.

20. The effectiveness of this Stipulation is conditioned upon its approval by the Bankruptcy Court. The Bankruptcy Court will retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: September 21, 2010

**STATE OF ALASKA, ON BEHALF OF ITS VARIOUS AGENCIES**

By: _____/s/_____
Lorenzo Marinuzzi
Morrison & Foerster LLP
Counsel for the State of Alaska

Dated: September 21, 2010    **PACIFIC ENERGY RESOURCES LTD.**

By: _____/s/_____
Gerry Tywoniuk
Acting Chief Executive Officer

Dated: September 21, 2010    **PACIFIC ENERGY ALASKA HOLDINGS, LLC**

By: _____/s/_____
Gerry Tywoniuk
Acting Chief Executive Officer

Dated: September 21, 2010    **PACIFIC ENERGY ALASKA OPERATING LLC**

By: _____/s/_____
Gerry Tywoniuk
Acting Chief Executive Officer

Dated:  September 21, 2010             **PETROCAL ACQUISITION CORP.**

                                        By: _____/s/_____
                                            Gerry Tywoniuk
                                            Acting Chief Executive Officer

Dated:  September 21, 2010             **CARNEROS ACQUISITION CORP.**

                                        By: _____/s/_____
                                            Gerry Tywoniuk
                                            Acting Chief Executive Officer

Dated:  September 21, 2010             **CARNEROS ENERGY, INC.**

                                        By: _____/s/_____
                                            Gerry Tywoniuk
                                            Acting Chief Executive Officer

Dated:  September 21, 2010             **GOTLAND OIL, INC.**

                                        By: _____/s/_____
                                            Gerry Tywoniuk
                                            Acting Chief Executive Officer