IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACIFIC ENERGY RESOURCES LTD., et al.,[1] | ) | Case No. 09-10785 (KJC) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |

**Related to Docket Nos. 1845, 2070**

## ORDER CONFIRMING FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR PACIFIC ENERGY RESOURCES LTD., ET AL., AS MODIFIED

The above-captioned debtors and debtors in possession (together, the "Debtors"),

having filed their respective voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on March 9, 2009 (the

"Petition Date"), commencing the above-captioned jointly administered bankruptcy cases (the

"Chapter 11 Cases") have filed with this Court the *First Amended Chapter 11 Plan of*

*Liquidation for Pacific Energy Resources Ltd., Et Al.* (Docket No. 1845), as such document has

been modified or amended consistent with this Confirmation Order and the *Debtors' Motion for*

*Order Pursuant to 11 U.S.C. Section 1127(a) and (d) and Rule 3019(a) of the Federal Rules of*

*Bankruptcy Procedure Approving Modifications to First Amended Chapter 11 Plan of*

*Liquidation for Pacific Energy Resources Ltd., et al.* (Docket No. 2070) (the "Plan"),[2] and the

*Disclosure Statement In Respect of First Amended Chapter 11 Plan of Liquidation for Pacific*

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtors' federal tax identification number, are: Pacific Energy Resources Ltd. (3442); Petrocal Acquisition Corp. (6249); Pacific Energy Alaska Holdings, LLC (tax I.D. # not available); Carneros Acquisition Corp. (5866); Pacific Energy Alaska Operating LLC (7021); Carneros Energy, Inc. (9487); and Gotland Oil, Inc. (5463). The mailing address for all of the Debtors is 111 W. Ocean Boulevard, Suite 1240, Long Beach, CA 90802.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

*Energy Resources Ltd., et al.* (Docket No. 1846) (the "Disclosure Statement") on August 27, 2010. The Disclosure Statement was approved by order of the Court dated August 27, 2010 (Docket No. 1850). The Court commenced a hearing to consider confirmation of the Plan on October 12, 2010 and concluded the hearing on December 15, 2010 (the "Confirmation Hearing").

The Court having considered the Plan (as modified and described at the Confirmation Hearing), the Disclosure Statement, other documents submitted in support of the confirmation of the Plan (including the Debtors' modifications to the Plan), objections to the Plan, other documents submitted in support of the objections, and the entire record adduced at the Confirmation Hearing, including without limitation, (i) the *Declaration of Gerald A. Tywoniuk in Support of First Amended Chapter 11 Plan of Liquidation for Pacific Energy Resources Ltd., et al., as Modified*; (ii) *Memorandum in Support of Confirmation of the First Amended Chapter 11 Plan of Liquidation for Pacific Energy Resources Ltd., et al., as Modified* (the "Memorandum"); (iii) *Declaration of Katie Nownes Re Analysis of Ballots For Accepting or Rejecting First Amended Chapter 11 Plan of Liquidation for Pacific Energy Resources Ltd., et al. Pursuant to Chapter 11 of the Bankruptcy Code* (the "Voting Declaration"); and (iv) the statements of counsel at the Confirmation Hearing, including all testimony presented and evidence admitted by affidavit or otherwise at the Confirmation Hearing; and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and after due deliberation and sufficient cause therefore

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

## Findings of Fact and Conclusions of Law

A.     On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each of the Debtors was and is qualified to be a debtor under section 109 of the Bankruptcy Code. These Chapter 11 Cases are jointly administered.

B.     Findings and Conclusions: The Court's findings of fact and conclusions of law set forth herein and in the record at the Confirmation Hearing constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to these Chapter 11 Cases by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

C.     Jurisdiction: This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O) and this Court has jurisdiction to enter a final order with respect thereto. Venue in the District of Delaware was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

D.     Judicial Notice: The Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, hearings held before the Court during the pendency of these Chapter 11 Cases.

3

E.     Burden of Proof: The Debtors, as proponents of the Plan, have met the

burden of proving the elements of sections 1129(a) and 1129(b)(2)(B) of the Bankruptcy Code

by a preponderance of the evidence.

F.     Solicitation and Notice: On August 27, 2010, the Court entered that *Order*

*(i) Approving the Disclosure Statement; (ii) Scheduling Confirmation Hearing; (iii) Approving*

*Form and Manner of Notice of Confirmation Hearing: (iv) Establishing Procedures for*

*Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan, Including (a) Approving*

*Form and Contents of Solicitation Package, (b) Establishing Record Date and Approving*

*Procedures for Distribution of Solicitation Packages, (c) Approving Forms of Ballots, (d)*

*Establishing Voting Deadline for Receipt of Ballots and (e) Approving Procedures for Vote*

*Tabulations; (v) Establishing Deadline and Procedures for Filing Objections to Confirmation of*

*Plan; and (vi) Granting Related Relief* (Docket No. 1850) (the "Disclosure Statement Order").

The Disclosure Statement Order, among other things, approved the Disclosure Statement as

containing "adequate information" of a kind and in sufficient detail to enable hypothetical,

reasonable investors typical of the Debtors' creditors to make an informed judgment whether to

accept or reject the Plan. Pursuant to the Disclosure Statement Order, the Debtors served

Solicitation Packages (as defined in the Disclosure Statement Order) upon: (i) all known

Holders of Claims against the Debtors as of the Voting Record Date who were entitled to vote on

the Plan (i.e., Classes 3, 4, 5 and 6); (ii) the Securities & Exchange Commission; (iii) the Internal

Revenue Service; (iv) the Office of the United States Trustee; and (v) those parties that have

requested service under Fed. R. Bankr. P. 2002. The Solicitation Packages consisted of: (i) the

Disclosure Statement (including exhibits); (ii) the Plan (as an exhibit to the Disclosure

4

Statement); (iii) an appropriate Ballot(s) and voting instructions; (iv) the Confirmation Hearing Notice; (v) a cover letter from the Debtors that briefly described the contents and purpose of the package and urged creditors to vote in favor of the Plan; (vi) a letter from the Committee to the Holders of General Unsecured Claims; and (vi) a pre-addressed return envelope. The Solicitation Packages were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order. As described in the Disclosure Statement Order, and as evidenced by the Voting Declaration, the certificates of service filed in connection therewith, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to appear and be heard to all parties in interest. Pursuant the Disclosure Statement Order, the Debtors served the Notice of Non-Voting Status on each Holder of a claim or interest in the Non-Voting Classes.

        F.     Voting: The Disclosure Statement Order fixed September 29, 2010, as the Voting Deadline. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement, and Disclosure Statement Order. As set forth in the Voting Declaration, the Plan has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by Classes 3, 4 and 6, which are impaired and entitled to vote on the Plan. Classes 1 and 2 are unimpaired and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are therefore, not entitled to vote. Classes 7, 8, 9 and 10 receive no

distributions under the Plan and are, therefore, conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Class 5 (General Unsecured Claims Against PEAH) originally voted against the Plan, but has since changed its vote to accept the Plan in light of the modifications to the Plan.

## Compliance with Requirements of Section 1129 of the Bankruptcy Code

G.      Section 1129(a)(1)-Compliance of the Plan with Applicable Provisions of the Bankruptcy Code. The Plan complies with all applicable provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129(a)(1), including, without limitation, 11 U.S.C. §§ 1122 and 1123. The Plan is dated and identifies the Debtors as proponents of such Plan. Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates Classes of Claims and Interests, other than Administrative Expenses and Tax Claims. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. A reasonable basis exists for the classifications in the Plan. Pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, Articles IV and V of the Plan specify all Claims and Interests that are not impaired and specifies the treatment of all Claims and Interests that are impaired. Articles IV and V of the Plan identify Classes 3 through 10 as impaired under the Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Interest within a particular Class. Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for the Plan's implementation, as set forth in Article VI of the Plan. The Debtors will have, immediately upon the effectiveness of the

6

Plan, sufficient cash available to make all payments that are required to be made on the Effective Date pursuant to the terms of the Plan.

H.    Section 1129(a)(2)-Compliance of the Debtors with Applicable Provisions of the Bankruptcy Code. As required by 11 U.S.C. § 1129(a)(2), the Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019. In particular, the solicitation of votes to accept or reject the Plan was (i) in compliance with all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and (ii) solicited after disclosure to holders of Claims or Interests. The Debtors have further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in the Chapter 11 Cases. The record in the Chapter 11 Cases further discloses that the Debtors have attempted in good faith to comply with the orders of the Court entered during the pendency of the case and that the Debtors have not violated any such orders.

I.    Section 1129(a)(3)-Proposal of Plan in Good Faith. The Debtors proposed the Plan in good faith and not by any means forbidden by law. No person has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law. Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the Court may determine compliance with section 1129(a)(3) of the Bankruptcy Code without receiving evidence on such issues. The Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence submitted in connection with the

7

Confirmation Hearing. The Plan has been accepted by the requisite Holders of Claims in all Classes entitled to vote on the Plan and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a distribution of such value to Creditors. The Plan was negotiated in good faith and at arms' length among representatives of the Debtors, the Committee, the Senior Lenders, and certain other key creditor constituencies during the Chapter 11 Cases. Further, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e), as amended). Accordingly, the provisions of section 1129(d) of the Bankruptcy Code are met. Therefore, the Plan has been proposed in good faith, as such term is used in sections 1129(a)(3) of the Bankruptcy Code.

J.      Section 1129(a)(4)-Bankruptcy Court Approval of Certain Payments as Reasonable. Pursuant to section 1129(a)(4) of the Bankruptcy Code, any payment made or promised by the Debtors or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases to the extent of services provided before the Confirmation Date, has been, or will be before payment, disclosed to this Court. Any such payment made before the Confirmation Hearing is reasonable. Any such payment to be fixed after the Confirmation Hearing is subject to the approval of this Court as reasonable.

K.      Section 1129(a)(5)-Disclosure of Identity and Affiliations of Proposed Management, Compensation of Insiders and Consistency with the Interests of Creditors and Public Policy. Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtors, Gerald A.

8

Tywoniuk has been designated as the initial Plan Representative. Mr. Tywoniuk's appointment as Plan Representative is consistent with the interests of creditors and with public policy. The Committee has identified the initial members of the Supervisory Board. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

        L.      Section 1129(a)(6)-Approval of Rate Changes. No governmental regulatory commission has jurisdiction over the rates of the Debtors. Section 1129(a)(6) is inapplicable to confirmation of the Plan.

        M.     Section 1129(a)(7)-Best Interests of Creditors and Interest Holders. With respect to each Impaired Class of Claims or Interests of the Debtors, each holder of a Claim or Interest in such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. A conversion of the Chapter 11 Cases to chapter 7 would likely be accompanied by a decrease in the amount of recovery that Creditors would receive on account of their claims as a result of the commissions and additional administrative fees and expenses that would be incurred during a chapter 7 case. Further, a chapter 7 liquidation would result in delay in distributions to Creditors. Thus, the Plan provides a superior recovery to Creditors than conversion of the Chapter 11 Cases, and accordingly, the Plan is in the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

        N.     Section 1129(a)(8)-Acceptance of the Plan by Each Impaired Class. The Debtors have not complied with the provisions of section 1129(a)(8) of the Bankruptcy Code because Classes 7 through 10 are conclusively presumed to have rejected the Plan. The Debtors

9

therefore have requested confirmation of the Plan by cramdown pursuant to section 1129(b) of the Bankruptcy Code, as addressed below.

O. Section 1129(a)(9)-Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code. The Plan provides for treatment of Administrative Expenses and Tax Claims in the manner required by section 1129(a)(9) of the Bankruptcy Code. With respect to Professional Fee Claims, the Plan provides that Professionals requesting compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered prior to the Effective Date must File and serve pursuant to the notice provisions of the Interim Fee Order, an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date. All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

P. Section 1129(a)(10)-Acceptance by at Least One Impaired Class. As required by section 1129(a)(10) of the Bankruptcy Code, at least one Class of Claims (specifically, Classes 3, 4 and 6) that is impaired under the Plan has accepted the Plan, excluding votes cast by insiders, if any.

Q. Section 1129(a)(11)-Feasibility. The Plan is a plan of liquidation and, therefore, meets the requirement of section 1129(a)(11) of the Bankruptcy Code that it is not likely to be followed by liquidation or the need for further financial reorganization unless a plan is one of liquidation. The Debtors will have sufficient funds to satisfy their obligations under the Plan and to fund the costs and expenses of the Plan Representative in connection with the

10

liquidation of the remaining assets of the Estate and Distributions to be made by the Plan Representative in accordance with the Plan.

R.     Section 1129(a)(12)-Payment of Bankruptcy Fees.  In accordance with section 1129(a)(12) of the Bankruptcy Code, Article III(B) of the Plan provides for the payment of all Administrative Expenses, which include fees payable under 28 U.S.C. § 1930 on or before the Effective Date.  The Debtors and/or Liquidating Debtors have adequate means to pay all such fees.

S.     Section 1129(a)(13)-Retiree Benefits.  The Debtors are not obligated to provide any retiree benefits, as such term is defined in section 1114 of the Bankruptcy Code.  As a result, no such benefits are required to be continued under the Plan, and the Plan accordingly satisfies section 1129(a)(13) of the Bankruptcy Code.

T.     Section 1129(a)(14) – Domestic Support Obligations.  The Debtors are not required by a judicial or administrative order, or by statute, to pay domestic support obligations. Accordingly, section 1129(d)(14) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

U.     Section 1129(a)(15) - Debtors are Not Individuals.  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

V.     Section 1129(a)(16) - No Applicable Nonbankruptcy Law Regarding Transfers.  The Debtors are moneyed, businesses or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

11

W.    Section 1129(b) – Plan Does Not Unfairly Discriminate. All applicable requirements of section 1129(b) of the Bankruptcy Code have been met. Classes 3 through 6 are not being paid in full on account of the Claims in such class. Classes 7 through 10 will not receive or retain any property under the Plan.

X.    Section 1129(b)(1) and (2) – Cramdown. Classes 7 through 10 have rejected the Plan. Based upon the evidence and legal authority presented, adduced or proffered by the Debtors at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the holders of claims in Classes 7 through 10, as required by section 1129(b)(1) and (2) of the Bankruptcy Code. Accordingly, the Plan is confirmable notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy Code with respect to Classes 7 through 10, pursuant to section 1129(b)(1) of the Bankruptcy Code. Upon confirmation of the Plan and the occurrence of the Effective Date, the Plan shall be binding upon the holders of claims in Classes 7 through 10.

Y.    Section 1129(c) - Only One Plan. The Plan is the only plan filed in these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

Z.    Section 1129(d) - Principal Purpose of the Plan. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

DOCS_DE:164294.4

AA.  <u>Inter-Estate Settlement.</u>  The settlement between the Estates as set forth in the Plan is fair, equitable and reasonable, and is in the best interests of the creditors of the Estates.

BB.  <u>Resolution with Union, the Senior Lenders, the State and the Committee.</u> The resolution between the Estates, Union, the Senior Lenders, the State, and the Committee as set forth in the Plan is fair, equitable and reasonable, and is in the best interests of the creditors of the Estates.

CC.  <u>Resolution with Union and CIPL.</u>  The resolution between the Estates, Union and CIPL as set forth in the Plan is fair, equitable and reasonable, and is in the best interests of the creditors of the Estates.

DD.  <u>Dismissal of Cases.</u>  The Estates of Petrocal, Carneros Acquisition, Carneros Energy and Gotland have no assets, therefore, it is appropriate to dismiss the chapter 11 cases of those Debtors.

EE.  <u>Section 1125(e) - Good Faith Solicitation.</u>  Based on the record before the Court in these Chapter 11 Cases, (i) the Debtors are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(c) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation, and (ii) the Debtors and all of their respective representatives shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

13

FF.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

GG.    Good Faith.  The Debtors will be acting in good faith if they proceed to (i) consummate the Plan, and (ii) take the actions authorized and directed by this Confirmation Order.

HH.    Modification of the Plan.  On October 5, 2010, the Debtors filed and served proposed modifications to the Plan [Docket No. 1926].  Such modifications were further described at the Confirmation Hearing.  The Debtors have modified the Plan to address certain objections from creditors and to make certain clarifications to the Plan.  Pursuant to sections 1127(a) and (d) of the Bankruptcy Code and Bankruptcy Rule 3019(a), the Court finds that such modifications to the Plan do not adversely change the treatment of the claim of any creditor who has not accepted in writing the modification, and shall be deemed accepted by all creditors who have previously accepted the Plan.

### Order Confirming Plan

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Cases, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**:

1.    Confirmation.  The Plan, as modified, and each of its provisions (and exhibits thereto) shall be, and hereby are, **CONFIRMED** and approved in each and every respect pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.  All objections and

14

responses to, and statements and comments regarding, the Plan, to the extent not already withdrawn or resolved pursuant to representations on the record at the Confirmation Hearing, shall be, and hereby are, overruled.

2. Omission of Reference to Particular Plan Provisions. The failure to specifically describe or include any particular provision of the Plan (or exhibit thereto) in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Confirmation Order. In the event of any inconsistencies between the Plan and this Confirmation Order, this Confirmation Order shall govern.

3. Plan Classification Controlling. The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not be binding on the Debtors, the Liquidating Debtors or the Plan Representative for purposes other than voting on the Plan.

15

4. <u>Rejection of Executory Contracts and Unexpired Leases.</u> Except for any executory contracts or unexpired leases: (i) that previously were assumed or rejected by an order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to Confirmation; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtors or the Estates, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to section 365 of the Bankruptcy Code as of the Effective Date. This Confirmation Order shall constitute an Order of the Bankruptcy Court approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

5. <u>Dismissal of Cases.</u> Upon the Effective Date, the Chapter 11 Cases of Petrocal, Carneros Acquisition, Carneros Energy and Gotland shall be dismissed, and such Debtors shall be dissolved and wound up without any further action required by the Debtors or their shareholders or boards of directors. The Debtors shall make any election required to effectuate such dissolutions to take all action as may be necessary or appropriate under non-applicable bankruptcy law to fully effectuate such dissolution on or promptly following the Effective Date, including the preparation, execution and/or filing of any required certificate of dissolution, certificate of cancellation, or similar instrument with the Delaware Secretary of State and other applicable state governmental authorities. From and after one (1) year following the Effective Date, the Debtors or the Liquidating Debtors are further authorized to destroy any and

16

all business records or documents of Petrocal, Carneros Acquisition, Carneros Energy and Gotland.

6.          <u>Inter-Estate Settlement Approved.</u> Upon the Effective Date, pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, the settlement of Intercompany Claims and Rights of Action amongst and between any or all of the Debtors is approved on the terms set forth in the Plan.

7.          <u>Resolution with the Estates, Union, the Senior Lenders, the State and the Committee Approved.</u> Upon the Effective Date, pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, the resolution of issues amongst the Estates, Union, the Senior Lenders, the State and the Committee is approved on the terms set forth in the Plan.

8.          <u>Resolution with the Estates, Union, and CIPL Approved.</u> Upon the Effective Date, pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, the resolution of issues amongst each of the Debtors and their Estates, Union, and CIPL is approved on the terms set forth in the Plan.

9.          <u>Exculpation and Releases.</u> Article X(B) of the Plan is hereby approved. The exculpation contained in the Plan is fair and equitable, given for valuable consideration, is in the best interests of the Debtors, their Estates, and their creditors to the extent set forth therein, and shall be effective and binding upon all persons and entities.

10.        <u>Binding Nature of Plan.</u> This Confirmation Order will bind the Debtors, all Holders of Claims, Administrative Expenses, or Interests and other parties in interest to the provisions of the Plan whether or not the Claim, Administrative Expense, or Interest of

17

such Holder is Impaired under the Plan and whether or not the Holder of such Claim, Administrative Expense, or Interest has accepted the Plan.

11.     Exemptions from Taxation. Pursuant to section 1146(c) of the Bankruptcy Code, the making or delivery of an instrument of transfer under a plan may not be taxed under any law imposing a stamp tax or similar tax. Pursuant thereto, and because the Debtors are liquidating their Estate Assets hereunder, entry of this Confirmation Order shall be a determination that no stamp tax or similar tax may be imposed on any sale of property by the Debtors or Liquidating Debtors.

12.     Injunction. *Except as provided in the Plan or in the Confirmation Order, as of the Confirmation Date, all Entities that have held, currently hold or may hold a Claim, Administrative Expense, Interest or other debt or liability that is stayed, Impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against property of the Liquidating Debtors or the Estates on account of all or such portion of any such Claims, Administrative Expenses, Interests, debts or liabilities that are stayed, Impaired or terminated: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; and (d) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan. To avoid any doubt, (i) nothing in the Plan shall be construed or is intended to discharge the Debtors for purposes of section 1141(d) of the Bankruptcy Code, (ii) nothing in the Plan shall affect, enjoin, modify, release or waive any claims, rights, and actions that a third party may have against a person*

18

*other than the Estates, and provided further, that nothing contained in this section shall limit,*

*enjoin, impair or affect in any way the reservations of present and future legal rights in favor of*

*Union, the State, Forest Oil and its affiliates, or Marathon Oil Company and its affiliates in*

*Article VI(I)(10) of this Plan; and (iii) nothing in the Plan shall affect or diminish any defense to*

*a Retained Right of Action or to any action brought by a third party against a Person other than*

*the Debtors, or the right of any person to assert a right of setoff, right of subrogation or*

*recoupment of any kind. Further, nothing in the Plan shall have any affect on any rights, Liens*

*or Claims that any party may have against assets that were abandoned by the Estates by Final*

*Order of the Bankruptcy Court.*

13.    <u>Retention of Jurisdiction.</u>  Notwithstanding entry of the Confirmation

Order or the Effective Date having occurred, the Bankruptcy Court shall have jurisdiction over

matters arising out of, and related to the Chapter 11 Cases and the Plan as set forth in Article

XIV of the Plan.

14.    <u>Payment of Statutory Fees.</u>  All fees payable pursuant to 28 U.S.C

§ 1930 as determined by the Bankruptcy Court at the hearing pursuant to section 1128 of the

Bankruptcy Code, shall be paid on or before the Effective Date.  From and after the Effective

Date, the Liquidating Debtors shall accrue (and pay) fees under 28 U.S.C § 1930 as separate

debtor entities until a final decree is entered or the Chapter 11 Cases are converted to cases under

chapter 7 of the Bankruptcy Code.  The Liquidating Debtors shall file with the Bankruptcy Court

quarterly status reports in a form reasonably acceptable to the U.S. Trustee.

15.    <u>Notice of Entry of Confirmation Order.</u>  Pursuant to Bankruptcy Rules

2002(f)(7) and 3020(c), the Debtors or the Liquidating Debtors, may, but are not required, to

19

serve a notice of the entry of this Confirmation Order on the United States Trustee and all holders of Claims or Interests to whom the notice of the Confirmation Hearing was sent. The Debtors or the Liquidating Debtors, as applicable, shall be, and hereby are, directed to serve copies of this Confirmation Order on each party that has filed a notice of appearance in these Chapter 11 Cases and on each party who filed an objection or response to, or statement or comment regarding the Plan, no later than thirty (30) days after the Confirmation Date. No further notice of the entry of this Confirmation Order shall be required.

16. <u>Dissolution of Committee.</u> As of the Effective Date, the Committee shall be dissolved, provided however, that notwithstanding such dissolution, the Committee's professionals may seek payment of any unpaid Administrative Expenses pursuant to the Plan.

17. <u>Termination of Interests.</u> Upon the Effective Date, all Interests and other rights of equity security holders in the Debtors shall terminate.

18. <u>Inconsistencies Between Plan and Confirmation Order.</u> To the extent of direct inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

19. <u>Administrative Bar Date.</u> Except as set forth below regarding Professional Persons, requests for payment of all Administrative Expenses, other than for those for which a Bar Date was previously set or for which a request and/or proof of claim has previously been filed, must be Filed and served on the Liquidating Debtors and the United States Trustee no later than thirty (30) days after the Effective Date. The Liquidating Debtors shall have until sixty (60) days after the Effective Date to bring an objection to a timely Filed request for payment of an Administrative Expense.

20

20.     Professional Fees. Professional Persons or other entities requesting

compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b)

and/or 1103 of the Bankruptcy Code for services rendered or expenses incurred after the Petition

Date and prior to the Effective Date must file and serve, on all parties entitled to notice thereof,

an application for final allowance of compensation and reimbursement of expenses no later than

sixty (60) days after the Effective Date and any objections to such applications must be made in

accordance with applicable rules of the Bankruptcy Court.

21.     Union Oil Company ("Union")/Cook Inlet Pipeline Company

("CIPL"). Nothing in the Plan or this Confirmation Order shall affect (a) Union's rights against

any person or entity, other than the Debtors, the Liquidating Debtors or the Estates, that claims

an ownership interest in CIPL stock or that formerly held such an ownership interest or (b)

Union's rights under the Funding Agreement and the Guaranty Agreement, each effective

January 1, 1995, by and among the stockholders of CIPL and their successors and assigns, except

as to the Debtors, the Liquidating Debtors or the Estates. Notwithstanding the foregoing or

anything to the contrary in the Plan, if a person or entity, including the Debtors, the Liquidating

Debtors or the Estates, claims any right or benefit arising out of or based on an ownership

interest in CIPL stock, such person or entity shall not be permitted to assert that the Plan or this

Confirmation Order also released or otherwise relieved such person or entity from any liability or

obligation with respect to such CIPL stock. Further, nothing in the Plan or this Confirmation

Order shall affect the rights and obligations of Union and PEAH under the Option and

Irrevocable Proxy Agreement, dated May 24, 2010 and entered into pursuant to this Court's

21

*Agreed Order Authorizing Abandonment of Cook Inlet Pipe Line Company Stock* [Docket No. 1604].

22.        Notwithstanding anything to the contrary in this Confirmation Order or the Plan, nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, (a) impairing in any respect the defenses that BJ Services Company, U.S.A. ("BJ Services") or Baker Hughes Incorporated for itself and its operating divisions or subsidiaries of Baker Hughes Oilfield Operations, Inc., Inteq, Gaffney, Cline & Associates, Centrilift, and ProductionQuest (collectively, "Baker Hughes") may have to any affirmative claims, including any actions arising under Chapter 5 of the Bankruptcy Code, that have been or may be filed or asserted against Baker Hughes by the Debtors, their Estates, the Unsecured Creditors Committee, the Liquidating Trust, or the Liquidating Debtors; or (b) determining the validity, priority, classification, or secured status of any claims that may be asserted in the future against any of the Debtors by BJ Services or Baker Hughes pursuant to 11 U.S.C. §§ 502(g) or 502(h).

IT IS SO ORDERED.

Dated: December __, 2010

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

DOCS_DE:164294.4